FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

JAN - 8 2020

BY
DEPUTY_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 1:20-CR-5 |
| | § | |
| | § | HEARTFIELD |
| TOMAS CALVILLO (1) | § | |
| MANUEL VILLATORO (2) | § | |
| CHRISTOPHER CASTILLO (3) | § | |
| RAMON MARTINEZ (4) | § | |
| JUSTO LOREDO (5) | § | |
| BILLY RAY KNIGHT (6) | § | |
| ROSA ESPINOSA DE EXCINIA (7) | § | |
| MARIA CAMARILLO (8) | § | |
| TINA GILDER (9) | § | |
| JULIAN SANCHEZ (10) | § | |
| ALEXIS VILLATORO (11) | § | |

## INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### Count One

Violation: 21 U.S.C. § 846
(Conspiracy to possess with the intent to
distribute, and distribution of a Controlled
Substance (cocaine HCL and
methamphetamine and heroin)).

That from on or about August 2018, and continuing thereafter until on or about October 2019, the exact dates being unknown to the grand jury, in the Eastern District of Texas and elsewhere, **Tomas Calvillo (1), Manuel Villatoro (2), Christopher Castillo (3), Ramon Martinez (4), Justo Loredo (5), Billy Ray Knight (6), Rosa Espinosa de Excinia (7), Maria Camarillo (8), Tina Gilder (9), Julian Sanchez (10)** and **Alexis Villatoro (11)**, defendants, aiding and abetting each other and others known and unknown, knowingly and intentionally

conspired and agreed with each other, and with persons known and unknown to the Grand Jury, to distribute and to possess with the intent to distribute a mixture or substance containing a detectable amount of a Schedule II controlled substance, namely: five (5) kilograms or more of mixture or substance containing cocaine HCl; fifty (50) grams of more of methamphetamine (actual); and one (1) kilogram or more of a mixture or substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 841(a)(1).

All in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2.

QUANTITY OF COCAINE HCL INVOLVED IN THE CONSPIRACY

With respect to the defendants, **Tomas Calvillo (1), Manuel Villatoro (2), Justo Loredo (5), Billy Ray Knight (6), Tina Gilder (9), Julian Sanchez (10)** and **Alexis Villatoro (11)**, their conduct as a member of the narcotics conspiracy charged in Count One, which includes the reasonably foreseeable conduct of other members of the narcotics conspiracy charged in Count One, involved five (5) kilograms or more of mixture or substance containing cocaine HCl, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(b)(1)(A)(ii).

All in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2.

QUANTITY OF METHAMPHETAMINE (ACTUAL) INVOLVED IN THE CONSPIRACY

With respect to the defendants, **Tomas Calvillo (1), Manuel Villatoro (2), Christopher Castillo (3), Rosa Espinosa de Excinia (7)** and **Maria Camarillo (8)**, their conduct as a member of the narcotics conspiracy charged in Count One, which includes the reasonably foreseeable conduct of other members of the narcotics conspiracy charged in Count One, involved fifty (50) grams of more of methamphetamine (actual), a Schedule II controlled substance, in violation of 21 U.S.C. § 841(b)(1)(A)(viii).

All in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2.

QUANTITY OF HEROIN INVOLVED IN THE CONSPIRACY

With respect to the defendants, **Tomas Calvillo (1), Manuel Villatoro (2), Christopher Castillo (3)** and **Ramon Martinez (4),** their conduct as a member of the narcotics conspiracy charged in Count One, which includes the reasonably foreseeable conduct of other members of the narcotics conspiracy charged in Count One, involved one (1) kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(b)(1)(A)(i).

All in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2.

## Count Two

Violation: 18 U.S.C. § 1956(h)
(Conspiracy to commit money laundering)

That on or about August 2018, and continuing thereafter until October 2019, the exact dates being unknown to the grand jury in the Eastern District of Texas and elsewhere, **Tomas Calvillo (1), Manuel Villatoro (2), Christopher Castillo (3), Julian Sanchez (10) and Alexis Villatoro (11),** defendants did knowingly, willfully and unlawfully conspire and agree with persons known and unknown to the Grand Jury to commit offenses against the United States in violation of 18 U.S.C. § 1956(a)(1)(B)(i), that is, to knowingly conduct and attempt to conduct a financial transaction affecting interstate or foreign commerce, which involved the proceeds of a specified unlawful activity, that is the distribution of a distributable amount of cocaine HCl, methamphetamine and heroin, all Schedule II controlled substances, in violation of 21 U.S.C. § 841(a)(1); knowing that the transaction was designed, in whole or in part, to conceal and disguise the nature, location, source, ownership and control of the proceeds of said specified unlawful activity, and while conducting and attempting to conduct such financial transaction, knew that the

property involved in the financial transaction represented the proceeds of some unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

All in violation of 18 U.S.C. §§ 1956(h) and 2.

## NOTICE OF INTENTION TO SEEK CRIMINAL FORFEITURE

Criminal Forfeiture Pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 982(a)(1)

Upon conviction of the controlled substance offense alleged in Count One of the indictment defendants, shall forfeit to the United States pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 982(a)(1), any property constituting, or derived from, proceeds obtained directly, or indirectly, as a result of the said violation, and any property used, or intended to be used in any manner or part, to commit or to facilitate the commission of the said violation, including but not limited to the following:

1. A sum of money equal to **$2,606,810.00** dollars in United States currency, representing the amount of proceeds obtained as a result of the offense alleged in Count One, conspiracy to distribute and to possess with the intent to distribute a Schedule II controlled substance, namely: five (5) kilograms or more of mixture or substance containing a detectable amount of cocaine HCl, fifty (50) grams of more of methamphetamine (actual); and one (1) kilogram or more of a mixture or substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 841(a)(1), for which each defendant is personally responsible in the following allocations:

    a. **Tomas Calvillo (1)**           $525,650.00
    b. **Manuel Villatoro (2)**         $680,000.00
    c. **Christopher Castillo (3)**     $180,000.00
    d. **Ramon Martinez (4)**           $120,000.00
    e. **Justo Loredo (5)**             $50,000.00
    f. **Billy Ray Knight (6)**         $50,000.00
    g. **Rosa Espinosa de Excinia (7)** $273,150.00
    h. **Maria Camarillo (8)**          $273,150.00
    i. **Tina Gilder (9)**              $100,000.00
    j. **Julian Sanchez (10)**          $119,860.00
    k. **Alexis Villatoro (11)**        $235,000.00

2. A sum of money equal to **$1,740,510.00** in United States currency, representing the amount of proceeds obtained as a result of the offense alleged in Count One, conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956(h), for which each defendant is personally responsible in the following allocations:

  a. **Tomas Calvillo (1)**        $525,650.00
  b. **Manuel Villatoro (2)**       $680,000.00
  c. **Christopher Castillo (3)**      $180,000.00
  d. **Julian Sanchez (10)**       $119,860.00
  e. **Alexis Villatoro (11)**       $235,000.00

If any of the above-described forfeitable property, as a result of any act or omission of the defendant(s):

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

(c)   has been placed beyond the jurisdiction of the court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be divided without difficulty.

It is the intent of the United States, pursuant to 21 U.S.C. § 853(p) and 18 U.S.C. § 982(a)(1), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property described above.

By virtue of the commission of the felony offense charged in this indictment by the defendants any and all interest the defendants have in the above-described properties is vested in the United States and hereby forfeited to the United States pursuant to 21 U.S.C. § 853 and U.S.C. 18 § 982(a)(1).

A TRUE BILL

_____
GRAND JURY FOREPERSON

JOSEPH D. BROWN
UNITED STATES ATTORNEY

_____     JAN 8, 2020
MICHAEL A. ANDERSON                                  Date
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § § | CRIMINAL NO. 1:20-CR- 5 |
| TOMAS CALVILLO (1) <br> MANUEL VILLATORO (2) <br> CHRISTOPHER CASTILLO (3) <br> RAMON MARTINEZ (4) <br> JUSTO LOREDO (5) <br> BILLY RAY KNIGHT (6) <br> ROSA ESPINOSA DE EXCINIA (7) <br> MARIA CAMARILLO (8) <br> TINA GILDER (9) <br> JULIAN SANCHEZ (10) <br> ALEXIS VILLATORO (11) | § § § § § § § § § § § | |

## NOTICE OF PENALTY

### Count One

Violation:   21 U.S.C. §§ 841(a)(1) and 846.

Penalty:   If 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, HCl – imprisonment for not less than ten (10) years nor more than life, a fine not to exceed $10,000,000.00, or both, and a term of supervised release of not less than five (5) years;

If 500 grams or more of a mixture or substance containing a detectable amount of cocaine HCL — imprisonment of not less than 5 years, but not more than 40 years, a fine not to exceed $5 million (or twice any pecuniary gain to the defendant or loss to any victim), or both, and supervised release of at least 4 years, but not more than life; and

If less than 500 grams of a mixture or substance containing a detectable amount of cocaine HCL – not more than 20 years imprisonment, a fine not to exceed $1 million (or twice any pecuniary gain to the defendant or loss to any victim), or both, and supervised release of at least 3 years, but not more than life.

If 50 grams or more of methamphetamine (actual) – imprisonment for not less than ten (10) years nor more than life, a fine not to exceed $10,000,000.00, or both, and a term of supervised release of not less than five (5) years;

If 5 grams or more of methamphetamine (actual) — imprisonment of not less than 5 years, but not more than 40 years, a fine not to exceed $5 million (or twice any pecuniary gain to the defendant or loss to any victim), or both, and supervised release of at least 4 years, but not more than life; and

If less than 5 grams of methamphetamine (actual) — not more than 20 years imprisonment, a fine not to exceed $1 million (or twice any pecuniary gain to the defendant or loss to any victim), or both, and supervised release of at least 3 years, but not more than life.

If 1 kilogram or more of a mixture or substance containing a detectable amount of heroin — imprisonment for not less than ten (10) years nor more than life, a fine not to exceed $10,000,000.00, or both, and a term of supervised release of not less than five (5) years;

If 100 grams or more of a mixture or substance containing a detectable amount of heroin — imprisonment of not less than 5 years, but not more than 40 years, a fine not to exceed $5 million (or twice any pecuniary gain to the defendant or loss to any victim), or both, and supervised release of at least 4 years, but not more than life; and

If less than 100 grams of a mixture or substance containing a detectable amount heroin — not more than 20 years imprisonment, a fine not to exceed $1 million (or twice any pecuniary gain to the defendant or loss to any victim), or both, and supervised release of at least 3 years, but not more than life.

Special Assessment: $100.00

## Count Two

Violation: 18 U.S.C. § 1956(h)

Penalty: Imprisonment for not more than twenty (20) years, a fine not to exceed $500,000.00, or twice the value of the property involved in the transaction, whichever is greater, or both, and a term of supervised release of at least than three (3) years.

Special Assessment: $100.00